In re **PORT ROYAL LAND & TIMBER COMPANY, Debtor, Appellee,**

v.

**BERKOWITZ, LEFKOVITS, ISOM & KUSHNER, Attorneys for Debtor, Appellant.**

No. 90–7324.

United States Court of Appeals, Eleventh Circuit.

Feb. 19, 1991.

Susan S. Wagner, Berkowitz, Lefkovits, Isom & Kushner, Birmingham, Ala., for Berkowitz, Lefkovits, Isom & Kushner.

Wilbur G. Silberman and James Mendelsohn, Gordon, Silberman, Wiggins & Childs, Birmingham, Ala., for Commercial Law League of America.

Before HATCHETT and DUBINA, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

This appeal, taken from judgment of the district court affirming order of the bankruptcy court, 105 B.R. 72, puts in issue the basis for computing attorney fees in bankruptcy cases.

Although unsympathetic to the notion, the bankruptcy judge had concluded that he was bound by precedent of this court requiring that he not award fees for unsuccessful litigation even though the effort was found to have been actually made, reasonable, and necessary to the faithful representation of the bankrupt estate.

Since the district court's judgment, we have decided *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874 (11th Cir.1990). At p. 882 of that opinion, referring to § 330 of the Bankruptcy Code, we said: [1]

---

**1.** Our quotation of a portion of the opinion is not intended to limit the application of all pertinent parts of the opinion on remand.

As discussed *supra,* section 330 is "not the 'usual' sort [of fee-shifting statute] contemplated by *Delaware Valley II.*" *Matter of Baldwin–United Corp.,* 79 B.R. 321, 346 (Bkr.S.D.Ohio 1987). There is no prevailing party provision in section 330. *In re Manoa,* 853 F.2d [687] at 691 [ (9th Cir.1988) ]. "The concept of a prevailing party in bankruptcy cases is ... incongruous. While a debtor or creditor may prevail in one or more of the many disputes which arise in the course of a typical Chapter 11 reorganization, almost everyone loses something." *Id.* The language of section 330 does not authorize the court to award attorney's fees to the prevailing party. Rather, the statute authorizes the court to award "reasonable compensation for actual, necessary services rendered...." 11 U.S.C.A. § 330(a)(1).

Neither the bankruptcy judge nor the district judge had the benefit of *Grant.* It should be taken into consideration in establishing this fee.

We, therefore, VACATE the judgment of the district court and remand the case with instructions that the order of the bankruptcy court be VACATED and the matter REMANDED for further proceedings in view of *Grant v. George Schumann Tire & Battery Co.*

VACATED and REMANDED.