In re Forster BARGER, Pamela Barger, Debtors.

In re William J. LEWIS, Debtor.

In re Charles Vernon HUTTO, Harriet Lee Hutto, Debtors.

In re Marvin F. BROWN, Betty Brown, Debtors.

In re Glenda BURNETT, Debtor.

In re Kenneth JONES, Iva Jones, Debtors.

In re Sandra Jean MOSS, Debtor.

In re Carolyn NEWKIRT, Debtor.

In re Winifred BRITTON, Debtor.

In re Lynda Gail COVOS, Debtor.

In re Katherine Marie IVEY, Debtor.

In re Terry C. HAWTHORNE, Debtor.

In re Allen R. NEWSOME, Cynthia E. Newsome, Debtors.

In re Leatha Mae WYNN, Debtor.

In re Lauretha RHODES, Debtor.

In re Dexter PASCHAL, Shirley L. Paschal, Debtors.

In re Angela Jeanette SCRUGGS, Debtor.

In re Margeart DANIEL, Debtor.

Bkrtcy. Nos. 94–10901, 94–10565, 94–10663, 94–10729, 94–10765, 94–10820, 94–10833, 94–10835, 94–10836, 94–10881, 94–10953, 94–10984, 94–11047, 94–11104, 94–11203, 94–11247, 94–11328 and 94–11457.

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

March 28, 1995.

Angela McLeroy, Augusta, GA, for debtors Forster Barger, Pamela Barger, Kenneth Jones, Iva Jones, Allen R. Newsome and Cynthia E. Newsome.

Evita Paschall, Augusta, GA, for all other debtors.

## ORDER [1]

JOHN S. DALIS, Bankruptcy Judge.

■ By application Angela McLeroy and Evita Paschall, attorneys for the debtors in the foregoing Chapter 13 cases, seek an award of attorney's fees in the amount of $950.00 in each case. In essence, counsel seeks an award in excess of the maximum compensation established under General Order Number 9 (1990) issued by the Honorable Lamar W. Davis, Jr., Chief Judge of this Court and filed May 3, 1990, which General Order provides in pertinent part:

I have reviewed the present procedures for allowance of attorney's fees in Chapter 13 cases. This included consideration of the typical obligations undertaken by Chapter 13 attorneys, the time and effort devoted to the task, the current customary allowed fee ..., the passage of time since [the] ... fee was last adjusted, and the fees customarily awarded in other districts.

Effective in all cases filed after May 15, 1990, a claim for attorney's fees for services rendered and expenses advanced to a Chapter 13 debtor will be deemed automatically approved by the Court, in the absence of an objection, so long as said claim *does not exceed* the sum of $750.00.... Debtors' counsel are directed to file written statements pursuant to Bankruptcy Rule 2016(b) disclosing the fee arrangement with their clients.

In the event that debtors' attorney subsequently determines that an award of $750.00 does not adequately compensate the attorney for legal services rendered, the attorney may petition for additional compensation, but shall be required to establish the reasonableness of all attorney's fees from the beginning of the case pursuant to 11 U.S.C. § 330 under the standard set in *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir.1988).

Debtors' attorney may, of course, agree to represent debtors in said cases for a

1. As the issue of attorney's compensation for debtor's counsel was identical in each of the above referenced cases, the fee applications were consolidated for hearing and this order is issued from the consolidated hearing and applies in each case.

lesser amount should they choose and are urged to do so in appropriate cases when the amount and nature of the debt or other relevant factors result in less substantial expenditure of attorney's time.

■ In each case, pursuant to 11 U.S.C. § 329 [2] and Federal Rule of Bankruptcy Procedure 2016(b) [3] the attorney representing the debtor has disclosed an agreement for compensation of $950.00. Under § 329(b) the compensation must be reasonable. The determination of reasonableness for debtor's attorney's compensation is in part determined pursuant to § 330, "... the court may award ... to the debtor's attorney—(1) reasonable compensation for actual, necessary services rendered by such ... attorney ... based on the nature, the extent, the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and (2) reimbursement for actual, necessary expenses." [4] The "lodestar" method of fee determination, the reasonable time expended by counsel in performing the reasonably required services rendered multiplied by a reasonable hourly rate, is the required analysis. See *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 878–79 (11th Cir. 1990); *Norman, supra,* at 1299 (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *In re Curtis,* 83 B.R. 853 (Bankr.S.D.Ga.1988). Under General Order Number 9 (1990) this court took into consideration the typical obligations undertaken by a Chapter 13 attorney in representing a debtor, the time and effort typically devoted to the representation, and applied to that expenditure of time an hourly rate of $100.00 to arrive at an approved fee without separate application of $750.00.

A reasonable hourly rate is determined by the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Blum v. Stenson,* 465 U.S. 886, 889 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.E.2d 891, 900 n. 11 (1984). Accord *Gains v. Dougherty County Board of Education,* 775 F.2d 1565, 1571 (11th Cir.1985). The relevant legal community used in determining the prevailing market rate by this court is the legal community within the Southern District of Georgia, see *In re S.T.N. Enterprises,* 70 B.R. 823 (Bankr.D.Vt.1987). While the applicant bears the burden of producing satisfactory evidence that the requested hourly rate is in line with prevailing market rates, *NAACP v. City of Evergreen,* 812 F.2d

---

**2.** 11 U.S.C. § 329 provides in pertinent part:
(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.
(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—
(1) the estate, if the property transferred
(A) would have been property of the estate; or
(B) was to be paid by or on behalf of the debtor under a plan under Chapter 11, 12, or 13 of this title; or
(2) the entity that made such payment.

**3.** Federal Rule of Bankruptcy Procedure 2016(b) provides:

DISCLOSURE OF COMPENSATION PAID OR PROMISED TO ATTORNEY FOR DEBTOR. Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

**4.** Each of the above referenced cases were filed prior to October 22, 1994, the effective date of the Bankruptcy Reform Act of 1994, Pub.L.No. 103–394, 108 Stat. 4106 (1994).

1332, 1338 (11th Cir.1987), this court has previously established, from competent evidence presented, that an hourly rate not exceeding One Hundred and No/100 ($100.00) Dollars per hour represents a reasonable hourly rate for competent legal services in this legal community. *In re: Lighting Galleries,* Chapter 11 Case No. 87–10455 (Bankr.S.D.Ga.1987).

*In re Burke Manufacturing Company, Inc.,* Chapter 13 case No. 91–10468, slip op. at 2–3 (Bankr.S.D.Ga. Dalis, J. September 10, 1991), citing *In re Georgian Arms Properties and Windover Properties* Consolidated Chapter 11 case No. 89–10313, slip op. at 5–6 (Bankr. S.D.Ga. Dalis, J. April 20, 1990).

Counsel urges that I revisit the One Hundred and No/100 ($100.00) Dollar per hour lodestar rate for the relevant legal community, the Southern District of Georgia and increase that rate to One Hundred Twenty–Five and No/100 ($125.00) Dollars per hour. In support of counsel's position, several members of the Augusta bar appeared and testified regarding the ordinary customary hourly fees charged by lawyers in this community ranging from a base rate of One Hundred Twenty–Five and No/100 ($125.00) Dollars upward to Two Hundred and No/100 ($200.00) Dollars per hour for representation requiring a high level of experience and expertise. Counsel has established to my satisfaction that the current hourly fee for comparable legal services other than in the area of bankruptcy within the relevant legal community, the Southern District of Georgia, charged by lawyers of comparable skill, experience and reputation for basic legal services comparable to Chapter 13 debtor representation, is One Hundred Twenty–Five and No/100 ($125.00) Dollars per hour. Applying this reasonable hourly rate of One Hundred Twenty–Five and No/100 ($125.00) Dollars per hour to the typical obligations undertaken by a Chapter 13 debtor's attorney and the time and effort devoted to the task of representation the requested fee of $950.00 is reasonable and is ORDERED allowed.