**In the Matter of RIVER LANDINGS, INC., Debtor.**

**Bankruptcy No. 94–41152.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

April 4, 1995.

Kathleen Horne, Savannah, GA, for debtor.

## MEMORANDUM OPINION ON APPLICATION FOR COMPENSATION AND REIMBURSEMENT

LAMAR W. DAVIS, Jr., Chief Judge.

Kathleen Horne, former counsel for the Debtor, River Landings, Inc., applied for approval of professional fees pursuant to Section 330 of the Bankruptcy Code. Ms. Horne represented the Debtor in this Chapter 11 proceeding until a recent order was entered permitting her withdrawal. By order dated February 22, 1995, the Court approved Ms. Horne's fee application based upon evidence and testimony presented at a hearing on the matter. Because the award was based upon a finding that the applicable lodestar rate in this district should be increased, I undertake herein to amplify that ruling.

1) *The Award of Attorney's Fees Generally*

 Section 330 of the Bankruptcy Code governs the award of compensation to a debtor's attorney, and it provides:

1. Congress substantially amended Section 330 in the Bankruptcy Reform Act of 1994, so that it now reads, in relevant part:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by an paraprofessional person employed by such person; and

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, or the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

. (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a).[1] The touchstone under section 330, then, is "reasonable compensa-

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (b), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

(5) The court shall reduce the amount of compensation awarded under this section by the amount of any interim compensation awarded under section 331, and, if the amount of such interim compensation exceeds the amount of compensation awarded under this section, may order the return of the excess to the estate.

(6) Any compensation awarded for the preparation of a fee application shall be based on the

tion" for actual and necessary services rendered,[2] and the legislative history to section 330 suggests that "reasonable compensation" is to be determined with reference to the cost of comparable non-bankruptcy services.[3] As one court has noted,

> In enacting Section 330(a), Congress sought to ensure that bankruptcy attorneys would not be paid less than their colleagues practicing in other areas of the law. Congress expressed its concern that if the field did not provide adequate compensation, bankruptcy specialists, who enable the system to operate smoothly, efficiently and expeditiously would be driven elsewhere. H.Rep.No. 95–595, 95th Cong., 1st Sess. 329–30 (1977), reprinted in *U.S.Code Cong. & Admin. News,* 5963, 6286.

*In re Gianulias,* 111 B.R. 867, 870 (E.D.Cal. 1989).[4]

### 2) *Calculation of the Lodestar Amount in this Matter*

The first step under Section 330 is to determine the "lodestar" fee, which is arrived at by multiplying "the attorney's reasonable hourly rate by the number of hours reasonably expended." *Grant,* 908 F.2d at 878. *See also Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988) (*citing Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)). "A reasonable hourly rate is the prevailing market rate in the

relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence showing that the requested rate is in line with market rates, and this burden requires something more than the applicant's own affidavit. *Id.* The applicant must present evidence of "rates actually billed and paid in similar lawsuits." *Id.*

Ms. Horne met her burden by presenting the testimony and affidavits of four local attorneys of comparable skill, experience, and reputation in bankruptcy and other commercial matters. Her evidence revealed that the usual and customary hourly rate in this district for legal services requiring expertise beyond that required for basic legal services ranges from $150.00 to $185.00 per hour, and may occasionally reach $200.00 per hour. Pursuant to Rule 702 of the Federal Rules of Evidence, I conclude that these four attorneys qualify as experts, and their opinion testimony as to the reasonable hourly rate is probative in arriving at an appropriate market rate for attorneys' services in the Southern District of Georgia in Chapter 11 cases, or cases filed under other chapters which involve similarly complex issues. The testimony and affidavits of these members of the Savannah bar support a conclusion that the prevailing market rate for such services exceeds $125.00 per hour, the rate currently applicable in this district. Accordingly, I

---

level and skill reasonably required to prepare the application.

11 U.S.C. § 330(a), as amended by Bankruptcy Reform Act of 1994. Because Debtor's Chapter 11 case was filed prior to the effective date of the Reform Act, October 22, 1994, the controlling provision in this case is section 330 as it read prior to the amendments. I would note, however, that substantially all of the caselaw within this district dealing with professional fees in bankruptcy is in line with the amendments that Congress made to section 330. Accordingly, I do not believe that my decision in the present case would be altered by the new provisions of section 330.

**2.** *See generally Port Royal Land & Timber Co. v. Berkowitz, et al.,* 924 F.2d 208 (11th Cir.1991); *Grant v. George Schumann Tire & Battery Co.,* 908 F.2d 874 (11th Cir.1990); *In re Manoa Finance Co., Inc.,* 853 F.2d 687 (9th Cir.1988).

**3.** *See generally Matter of Concrete Products, Inc.,* Chapter 11 Case No. 88–20540, slip op. at 18–19 (Bankr.S.D.Ga., February 7, 1992) ("The Code adopts the position that compensation should not be below a level allowed for comparable non-bankruptcy services.").

**4.** The predecessor to Section 330, Section 241 of the Bankruptcy Act, was based on "economy of administration and conservation of estate." *Manoa,* 853 F.2d at 689. Under that provision, trustees and attorneys were considered public officers not entitled to compensation comparable to private employment. *Id.* Section 330 makes clear, however, that attorneys should be paid at rates comparable to private employment for actual, reasonable, and necessary services rendered to a bankruptcy estate. *See Matter of Concrete Products, Inc., supra,* slip op. at 18–19.

find that, in the absence of special circumstances justifying a higher rate, the appropriate lodestar rate in this district for Chapter 11 representation and similar work is $150.00 per hour.

In reaching this conclusion, I am mindful of my colleague's recent decision in *In re Barger, et al.,* 180 B.R. 326 (Bankr.S.D.Ga. 1995). In *Barger,* Judge John S. Dalis ruled that the appropriate lodestar rate for "basic legal services," including Chapter 13 debtor representation in this district, has increased from $100.00 to $125.00 per hour:

> Counsel has established to my satisfaction that the current hourly fee for comparable legal services other than in the area of bankruptcy within the relevant legal community, the Southern District of Georgia, charged by lawyers of comparable skill, experience and reputation for basic legal services comparable to Chapter 13 debtor representation, is One Hundred Twenty-Five and No/100 ($125.00) Dollars per hour.

*Id.* at 329.

■ I adopt and follow his conclusions as to the appropriate rate for basic services.[5] This case, however, raises the issue of the prevailing hourly rate for services in more complex and sophisticated commercial bankruptcy matters, and this Court has long recognized that the lodestar rate in bankruptcy is not monolithic:

> Chapter 11 debtor-in-possession representation requires a level of expertise beyond minimal competency in bankruptcy law. In considering an application for compensation of the attorney for a debtor-in-possession, where (1) counsel has at least ten (10) years of experience in bankruptcy practice, (2) an examination of the services rendered as set forth in the application reveals that the services provided required such level of expertise as expected of a practitioner with ten (10) years of

experience, and (3) the requisite expertise is demonstrated by the time efficient manner in which the services were rendered, application for an hourly rate not exceeding One Hundred Twenty-Five and No/100 ($125.00) Dollars per hour will be authorized without additional showing as to the prevailing market rate for similar legal services in the Southern District of Georgia.

*In re Burke Manufacturing Company, Inc.,* Ch. 11 Case No. 91–10468, slip op. at (Bankr. S.D.Ga. September 10, 1991) (Dalis, J.). Since that opinion, fee applications have been reviewed and approved based on an analysis of what level of expertise is required of counsel, and what level of expertise counsel actually possesses.

■ Applying this standard to the present case, it is clear that this Chapter 11 debtor required highly qualified and experienced counsel beyond that required for basic legal services. Ms. Horne clearly possesses these qualities. She has specialized in bankruptcy practice for several years and has substantial experience representing both debtors and creditors in cases filed under all chapters, dealing with many of the more noteworthy cases and complex issues that have arisen in this district. The level of skill, experience and reputation of counsel whose testimony was received mirrors that of Ms. Horne. While delicacy does not permit me to state an exact number, all have enjoyed more than ten years experience handling complex commercial and other civil litigation, including bankruptcy. Accordingly, I hold that the appropriate lodestar rate in this case is $150.00 per hour.[6]

■ In contrast to debtor representation in the typical consumer Chapter 7 or Chapter 13 case, Chapter 11 debtor representation requires a higher degree of skill, ability and experience. Few, if any, Chapter 11 cases

---

5. I would also apply the lodestar rate of $125.00 which his order establishes for basic legal services in consumer Chapter 7 cases and routine adversary proceedings arising in Chapter 7 and Chapter 13 cases.

6. After the lodestar is determined by multiplication of a reasonable hourly rate times hours

reasonably expended, the Court must consider whether the amount should be adjusted in light of the results obtained. *Norman,* 836 F.2d at 1302. Given the dismal performance of this Chapter 11 debtor, I find no circumstances justifying any enhancement in the fee, nor has any been requested.

are alike. The array of issues, the amounts in controversy and the time demands on counsel in Chapter 11 cases is invariably higher than that required in consumer bankruptcy cases. The Chapter 11 debtor and its counsel have substantial reporting and record keeping duties not required of consumer debtors, and the Chapter 11 debtor-in-possession acts as a fiduciary. Many of these conditions are also present in commercial Chapter 7 cases, Chapter 12 cases, and the related litigation that frequently arises. I therefore conclude that the lodestar rate of $150.00 also applies in Chapter 7 business cases, to Chapter 12 debtor representation and to legal services rendered in routine Chapter 11 and 12 adversary proceedings.

 Finally, the evidence before me revealed that in cases of unusual complexity, or where the case requires priority attention of its counsel due to urgent circumstances, and where the client is not an established, regular client of the firm, the prevailing market rate is $175.00 and occasionally as much as $200.00. Similarly, Judge Dalis noted that for representation requiring a "high level of experience and expertise," the prevailing rate in the Augusta Division would sometimes range as high as $200.00 per hour.[7] It was not clear from the evidence before me or in his opinion that the "prevailing" rate custom-arily exceeds $175.00 per hour, however. I am persuaded, therefore, that an appropriate lodestar rate in this district applicable in certain special cases is $175.00 per hour. A non-exclusive list of the evidence required to establish the higher lodestar follows:

1) The case presents legal or factual issues of unusual complexity or in which there is no clear precedent to guide counsel;

2) The case is filed under circumstances that require the priority and urgent attention of counsel to the exclusion of other cases counsel is handling or with the result that the expeditious prosecution of other cases is substantially reduced;

3) The case involves an unusually large number of creditors, amount in controversy, or importance because of its impact in the local or regional economy; and

4) The client is one with whom counsel and counsel's firm has no regular ongoing attorney-client relationship that would result in a lower hourly rate.

---

7. *Barger, supra* at 329.