# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

98-6056EA

_____

**UNPUBLISHED**

| | |
|---|---|
| In re: | * |
| | * |
| John P. Ladika, Geraldine A. Ladika, | * |
| | * |
| Debtors | * |
| | * |
| ------------------------------------------------- | |
| John P. Ladika, | * |
| | * |
| Debtor - Appellant, | *  Appeal from the United |
| | *  States Bankruptcy Court |
| v. | *  for the Eastern District |
| | *  of Arkansas |
| James C. Luker, | * |
| | * |
| Trustee - Appellee | * |
| | * |
| Internal Revenue Service | * |
| | * |
| Creditor - Appellee | * |

_____

Submitted:  August 18, 1998
Filed: August 28, 1998

_____

Before KOGER, Chief Judge, KRESSEL and SCHERMER, Bankruptcy  Judges.

_____

PER CURIAM.

On January 30, 1998, the Bankruptcy Appellate Panel filed its opinion in case number 97-6084EA in which it affirmed the bankruptcy court's decision converting the Ladikas' Chapter 13 case to a Chapter 7 case. Ladika v. Internal Revenue Service (In re Ladika), 215 B.R. 720 (B.A.P. 8th Cir. 1998). Subsequently, the Ladikas filed a motion to either reconvert the case from a Chapter 7 to a Chapter 13 or for dismissal of the case. The bankruptcy court[1] denied the motion in an order filed on June 18, 1998, for the reason that the Ladikas had failed to present any grounds to support either dismissing the case or reconverting it back to a Chapter 13. At the hearing on the motion, the bankruptcy court remarked that instead of presenting any reasons to support their motion to reconvert or dismiss, the Ladikas simply continued to address their ongoing dispute with the Internal Revenue Service regarding its claim. At the hearing, the Ladikas also argued that they had not filed their original Chapter 13 petition in bad faith, which the bankruptcy court noted had been reviewed by the bankruptcy appellate panel and that the BAP had ruled against the Ladikas on this issue.

Only John F. Ladika appeals from the bankruptcy court's decision. Ladika timely filed his notice of appeal on June 19, 1998. See Fed. R. Bankr. P. 8002(a).

Section 706 of the Bankruptcy Code provides for the conversion of a Chapter 7 case to a Chapter 13 case, however, if the case has already been converted from a Chapter 13 case to a Chapter 7 case, the debtor does not have the absolute right to convert the case back to a Chapter 13. See In re Vitti, 132 B.R. 229, 230 (Bankr. D. Conn. 1991); 11 U.S.C. § 706(a). The bankruptcy court's denial of the motion to reconvert the case is a final order over which this panel has appellate jurisdiction. See In re Texas Extrusion Corp., 844 F.2d 1142 (5th Cir.), cert. denied, 488 U.S. 926, 109 S. Ct. 311 (1988); In re Carter, 84 B.R. 744 (D. Kan. 1988).

Section 707 of the Bankruptcy Code provides that a case may be dismissed for cause. 11 U.S.C. § 707(a). The bankruptcy court's denial of the motion to dismiss made pursuant to section 707(a) is also a final order over which this panel has appellate jurisdiction. See In re Atlas Supply Corp., 857 F.2d 1061 (5th Cir. 1988); In re Marks, 174 B.R. 37 (E.D. Pa.

---

[1] The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas.

1994). See also In re Koch, 109 F.3d 1285 (8th Cir. 1997)(orders denying dismissals under section 707(b) are final appealable orders).

Both the bankruptcy court's ruling denying the motion to reconvert the case from a Chapter 7 to a Chapter 13 and the ruling denying the motion to dismiss may be reversed on appeal only if this panel determines that the bankruptcy court abused its discretion. See Atlas Supply Corp., 857 F.2d at 1063; Marks, 174 B.R. at 39; In re Texas Extrusion Corp., 68 B.R. 712, 727 (N.D. Tex. 1986), aff'd, 836 F.2d 217 (5th Cir. 1988).

"A court abuses its discretion if it rests its conclusion on clearly erroneous factual findings or an incorrect legal standard." In re Cossio, 163 B.R. 150, 153 (B.A.P. 9th Cir. 1994), aff'd, 56 F.3d 70 (9th Cir. 1995). See also Apex Oil Co. v. Palans, 132 B.R. 613, 614 (E.D. Mo. 1991), aff'd in part and rev'd in part on other grounds, 960 F.2d 728 (8th Cir. 1992). Further, "[u]nder the abuse of discretion standard, this Panel must have 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached,' before reversal is proper." In re Tong Seae (U.S.A.), Inc., 81 B.R. 593, 597 (B.A.P. 9th Cir. 1988)(quoting Mission Indians v. American Management, 824 F.2d 710, 724 (9th Cir. 1987)).

The Chapter 7 Trustee, James C. Luker, filed a motion to dismiss the appeal, or in the alternative, that the BAP consider his motion to dismiss as an appellee brief. The Trustee urges the BAP to dismiss the appeal contending that John Ladika is merely reasserting and re-arguing the same issues that previously have been addressed by the BAP in John Ladika's prior appeal in case number 97-6084EA. This panel determines that when the BAP may properly exercise appellate jurisdiction over a final appealable order, as in this case, it is not procedurally appropriate to dismiss the appeal. The better course of action is to decide the appeal on the merits. Accordingly, the panel denies the Trustee's motion to dismiss. The panel will treat the Trustee's motion to dismiss as an appellee brief, as requested.

We determine that the bankruptcy court did not abuse its discretion in denying the motion to reconvert or dismiss the case and affirm the bankruptcy court's decision. At the hearing on the motion and in his appellate brief, Ladika rehashed the same arguments concerning the IRS and his bad faith filing that he raised in his prior appeal in case number

97-6084EA and that have already been addressed and decided by the BAP. Ladika failed to appeal from the BAP opinion affirming the bankruptcy court's decision to convert the case to a Chapter 7 based upon the Ladikas' bad faith filing, and that opinion has become final and the law of the case. See In re Cole, 89 B.R. 433, 436 (Bankr. E.D. Pa. 1988)(Under the "'law of the case' doctrine," courts refuse to reopen what has already been decided by them.). Ladika may not have two bites at the same apple.

Additionally, we agree with the bankruptcy court that Ladika has failed to show grounds warranting either reconversion of his case to a Chapter 13 or dismissal of the case. Ladika wants to continue his fight with the IRS over its claim in this bankruptcy case, which may be done effectively in a Chapter 7 case with the Chapter 7 Trustee at the helm. Further, the Chapter 7 Trustee will do what is best for the creditors of the bankruptcy estate and will ensure that the creditors receive a fair distribution of the Ladikas' assets. We believe that the bankruptcy court correctly determined that the case should remain a Chapter 7 and that the Chapter 7 Trustee should be allowed to perform his duties on behalf of all of the creditors of the estate.

In his appellate brief, Ladika raises several issues that are totally irrelevant to the bankruptcy court's ruling on the motion to reconvert or dismiss. Those issues are not appropriately before the BAP and, accordingly, this panel will not consider those matters.

The judgment of the bankruptcy court is affirmed.

4

A true copy.

Attest.

       CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
       EIGHTH CIRCUIT