In re: CEDIC DEVELOPMENT COMPANY, Debtor.

Cedic Development Company, Appellee,

v.

Ronald E. Warnicke; Thomas Littler, Appellants.

No. 99–15841

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 5, 2000.

Decided July 26, 2000.

Thomas E. Littler, Mark J. Giunta, Warnicke & Littler, Phoenix, Arizona, for appellant Warnicke & Littler.

Chester J. Peterson, Lerch, McDaniel & Deprima, Phoenix, Arizona, for debtor-appellee Cedic Development Co.

Before: NOONAN, THOMAS, and BERZON, Circuit Judges.

NOONAN, Circuit Judge:

Warnicke & Littler (the Firm) appeals the district court's denial of $10,000 additional attorneys fees in its representation of the bankrupt debtor, Cedic Development Co. (Cedic). We hold that the basic rates charged by the firm did not take into account all relevant factors and that as adequate compensation the Firm was entitled to the $10,000. We reverse the judgment of the district court.

## FACTS

The following facts were found after trial before the bankruptcy court for the District of Arizona: On May 31, 1991, Cedic filed a voluntary petition in bankruptcy. On September 6, 1991, Dillingham, Kelip & Cross was appointed as its counsel. Five

months later this law firm moved to withdraw for failure by Cedic to pay its approved fees; the motion was granted. On March 24, 1992, Ted A. Smith was approved as counsel, but he, too, moved to withdraw; on August 12, 1992, the motion was granted.

For nearly a month Cedic looked for a new lawyer. The bankruptcy court informed Cedic that any new counsel would not be permitted to withdraw. Cedic persuaded the Firm, which was experienced in complex bankruptcy cases, to take its case with a contract that provided Cedic would pay its rates ranging from $125 per hour for an associate to $210 per hour for the senior partner. The rates were below the market rates for bankruptcy counsel with experience comparable to that of the Firm. The contract further specified that the total fee would be adjusted, upward or downward, at the discretion of the Firm, depending on ten enumerated factors such as the magnitude of the matter and the results achieved as well as on other considerations that might arise in the course of the case. The Firm was paid a retainer of $5,000, an amount substantially less than other lawyers in the Phoenix area would have asked for under the circumstances. On September 24, 1992, the bankruptcy court approved the agreement.

Thereafter, the Firm successfully represented the bankruptcy in complex litigation to recover property which had been sold at a Trustee's Sale and further arranged financing to save Cedic's interest, ultimately leading to a benefit of $293,541.21. The Firm also successfully represented Cedic in preventing foreclosure on property in which Cedic had an equity of $100,000. The Firm also provided a variety of other legal services to the debtor's benefit.

## PROCEEDINGS

The Firm made two interim applications for fees, which were approved by the bankruptcy court and paid by Cedic. On February 3, 1994, it filed a third application, asking for what it described as an amount based on a lodestar of $33,203 and

an enhancement of $29,354.12. The bankruptcy court awarded the sum designated as the lodestar amount plus an enhancement of $10,000.

Cedic appealed the award of the enhancement to the Bankruptcy Appellate Panel (the BAP). The BAP remanded for a hearing on whether the enhancement was justified.

On remand, the bankruptcy court conducted a trial and made the findings of fact set out above. The bankruptcy court concluded that the hourly rates charged by the Firm did not take into account all the factors set out to determine the lodestar according to *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.1975), that the rates did "not take into account the results obtained and/or the risk of nonpayment," and that an enhancement of $10,000 was necessary to provide reasonable compensation.

Cedic again appealed, this time to the district court. The district court held that "the lodestar amount was properly calculated as being $33,203." The court interpreted *City of Burlington v. Dague*, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992), to bar an enhancement "based on the risk of nonpayment." The district court concluded that the bankruptcy court had abused its discretion. The award of $10,000 was vacated.

The Firm appeals.

## ANALYSIS

 As did the district court, we determine whether the bankruptcy court abused its discretion in the award of the $10,000. *Kord Enterprises II v. California Commerce Bank (In re Kord Enterprises II)*, 139 F.3d 684, 686 (9th Cir.1998). It did not.

 City of Burlington is a case about contingent fees. It holds that the risk created by a contingency fee does not justify an increase beyond the lodestar. 505 U.S. at 565, 112 S.Ct. 2638. The case is

not controlling here, because the risk of nonpayment by Cedic was not created by any contingency in the merits of the litigation but by the conduct of Cedic that suggested that it didn't like to pay its lawyers. Moreover, *City of Burlington* was addressed to a federal "fee shifting statute." *Id.* at 561–562, 112 S.Ct. 2638. This case does not involve fee-shifting but the payment by a client of the fee charged it by its own lawyer. We have recognized that the general principles applicable to fee-shifting statutes "may require some accommodation to the peculiarities of bankruptcy." *Burgess v. Klenske (In re Manoa Finance Co., Inc.),* 853 F.2d 687, 691 (9th Cir.1988). Moreover, the district court's premise that the hourly rates set by the Firm would indicate the lodestar amount was incorrect. The rates were bargain rates not incorporating the *Kerr* factors. Not to allow the $10,000 enhancement would be to pay below the lodestar.

For these reasons, the judgment of the district court is REVERSED and the judgment of the Bankruptcy Court is REINSTATED.