In re: Frank MERONK, Jr.; In re: Evelyn J. Meronk, Debtors.

Arter & Hadden LLP, Appellant,

v.

Frank MERONK, Jr.; Evelyn J. Meronk, Appellees.

No. 00–55996.

BAP No. CC–99–01628–KDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2001.

Decided Dec. 6, 2001.

---

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Arter & Hadden, LLP ("Arter") appeals the Bankruptcy Appellate Panel's ("BAP") reversal of the bankruptcy court's $50,000 bonus award to Arter as special counsel for Frank and Evelyn Meronk's ("Meronks") bankruptcy estate. Arter argues that it deserved a bonus because it obtained results that are not reflected in its standard hourly rate or number of hours worked. We have jurisdiction under 28 U.S.C. § 158(d) (2001), and we affirm the BAP's reversal of the bankruptcy court's award.

Because the parties are familiar with the facts, we recite only those that are integral to our decision.

1. The Bankruptcy Court Abused Its Discretion In Granting the $50,000 Bonus.

On appeal from the BAP, we review the bankruptcy court's decision independently. *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138, 1140 (9th Cir.1998). A bankruptcy court's fee award will not be disturbed absent an abuse of discretion or erroneous application of law. *Gold Coast Asset Acquisition, LP v. 1441 Veteran St.*

Co. *(In re 1441 Veteran St. Co.)*, 144 F.3d 1288, 1290 (9th Cir.1998).

There is a strong presumption that payment of an attorney's standard hourly rate constitutes reasonable compensation. *Burgess v. Klenske (In re Manoa Fin. Co. Inc.)*, 853 F.2d 687, 692 (9th Cir.1988). While a bonus may be appropriate in some cases, Arter must show with specific evidence why the results obtained were not reflected in its standard hourly rate or the number of hours allowed. *Id.* at 691–92. The bankruptcy court did not find specific facts to overcome the presumption that the hourly fee was reasonable, and Arter's arguments on appeal fail to demonstrate the existence of such facts.

There is little room to enhance Arter's hourly wage based on the outcome of the case because once Arter agreed to represent the Meronk bankruptcy estate, it agreed to do so to the best of its abilities. *Manoa*, 853 F.2d at 691 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565–66, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986)). Moreover, Arter's argument that the results obtained were extraordinary is belied by the bankruptcy court's finding that Arter had achieved a "fine" result, but not a "stupendous" or "wonderful" one. Arter contends also that the risk of nonpayment and the difficulty in obtaining counsel support a bonus. The Supreme Court, however, has determined that basing an enhancement on the risk of loss or contingency risk is not permitted. *See City of Burlington v. Dague*, 505 U.S. 557, 564–67, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992).

Finally, Arter argues that construction litigation is typically handled on a contingency basis, and thus a bonus is necessary to make the fee award commensurate with non-bankruptcy services. Arter, however,

expressly rejected a contingency agreement and agreed to represent the Meronk bankruptcy estate on an hourly basis. Arter charged its standard hourly rate and we assume Arter considered the time and skill required when setting its hourly rate. *Manoa*, 853 F.2d at 691.

The record contains no facts to overcome the presumption of reasonableness in the hourly rate and number of hours billed. We therefore reverse the judgment of the bankruptcy court, affirm the BAP's decision to delete the bonus, and leave Arter with its agreed upon hourly rate.

BANKRUPTCY COURT REVERSED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.