**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MORRY WAKSBERG M.D., INC., <br><br> Debtor. <br><br> ─────────────────────── <br><br> THE BANKRUPTCY LAW FIRM, P.C., <br><br> Appellant, <br> v. <br><br> ALFRED H. SIEGEL, Chapter 7 Trustee, <br><br> Appellee. <br><br> ─────────────────────── <br><br> DANIEL A. LEV; DANIEL JOSEPH MCCARTHY; UST - UNITED STATES TRUSTEE, LOS ANGELES. | No. 16-60004 <br><br> B.A.P. No. CC-15-1109-TaKuKi <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Kurtz, and Kirscher, Bankruptcy Judges, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

─────────────

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  GRABER, SACK,** and MURGUIA, Circuit Judges.

The Bankruptcy Law Firm, PC ("BLF"), appeals an order issued by the bankruptcy court and affirmed by the Bankruptcy Appellate Panel partially granting BLF's request for administrative expenses under 11 U.S.C. § 503(b)(1)(A).  We affirm in part, reverse in part, and remand with instructions to modify the administrative-expenses award.

1.  The bankruptcy court correctly determined that BLF was not entitled to "expenses" – in this context, legal fees – related to its <u>defense</u> of its fee application. Because § 503(b)(1)(A)(i) neither contains fee-shifting language nor otherwise abrogates the so-called American Rule that each party to litigation ordinarily bears its own legal expenses, BLF was not entitled to legal fees related to the defense of its fee application under that provision.  <u>See</u> <u>Baker Botts L.L.P. v. ASARCO LLC</u>, 135 S. Ct. 2158, 2166 (2015).

2.  The bankruptcy court erred, however, by denying BLF's request for expenses related to the <u>preparation</u> – as opposed to the defense – of its fee application.  Section 503(b)(1)(A)(i) permits an award of administrative expenses for "services rendered."  11 U.S.C. § 503(b)(1)(A)(i).  The "preparation of a fee

** The Honorable Robert D. Sack, United States Circuit Judge for the Court of Appeals for the Second Circuit, sitting by designation.

2

application is best understood as a 'servic[e] rendered.'" <u>Baker Botts</u>, 135 S. Ct. at 2167. We therefore reverse that part of the bankruptcy court's fee award declining BLF's request for expenses related to the preparation of its fee application. Although it denied this request, the bankruptcy court nonetheless determined that those fees and costs amounted to $4,000.00. <u>See</u> Memorandum Decision Granting in Part Request for Allowance and Payment of Administrative Claim by the Bankruptcy Law Firm at 21 n.11, <u>In re Morry Waksberg MD Inc.</u>, No. 2:06-bk-16101-BB (C.D. Cal. Bankr. Apr. 1, 2015), ECF No. 755 (hereinafter "Fee Award"). That amount was reasonable. We therefore remand this case to the bankruptcy court with instructions to modify its order as to the Fee Award accordingly.

3. The bankruptcy court's assessment of expenses otherwise owed to BLF was not an abuse of discretion. <u>See</u> <u>Burlington N. R.R. Co. v. Dant & Russell, Inc. (In re Dant & Russell, Inc.)</u>, 853 F.2d 700, 707 (9th Cir. 1988) (discussing the standard of review). "We will not disturb a bankruptcy court's award of attorney's fees absent an abuse of discretion or an erroneous application of the law." <u>Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)</u>, 468 F.3d 592, 596 (9th Cir. 2006) (internal quotation marks omitted). "A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably

3

expended is presumptively a reasonable fee." Burgess v. Klenske (In re Manoa Fin. Co.), 853 F.2d 687, 691 (9th Cir. 1988). The bankruptcy court explained its decision to downwardly adjust BLF's requested fees with reference to, inter alia, the work actually and reasonably performed, the value of that work to the estate, the performance of BLF's attorneys, and the reasonable hourly rates for such work with reference to several factors including prevailing community rates. See Fee Award at 12-20. The Fee Award was not an abuse of discretion.

4. BLF argues that it is entitled to a fee award under Reading Co. v. Brown, 391 U.S. 471 (1968). Because we agree with the bankruptcy court's order partially granting BLF's fee request under 11 U.S.C. § 503(b)(1)(A), we need not, and therefore do not, reach this issue.

5. Finally, the Trustee argues that BLF was not entitled to fees under 11 U.S.C. § 503(b)(1)(A) because it acted in its own self-interest. The Trustee did not cross-appeal the order partially granting BLF's request for administrative expenses. See Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1041 (9th Cir. 1992) ("Generally, a cross-appeal is required to support modification of the judgment . . . ." (internal quotation marks omitted)). Accordingly, we conclude that this argument was waived and therefore do not reach the issue on appeal.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

4

The parties shall bear their own costs on appeal.